Lane, C. J.
The declaration in this case contains four counts. The first and last are abandoned. The second and third are in debt, for rent of lands leased in Pennsylvania. The second counts' upon a simple demise, the third on a demise by deed.
To these counts the defendant pleads, in bar, that the causes of action accrued in Pennsylvania, in which state the defendant was a resident; that, by the statutes of Pennsylvania, of 1713, ratified by the statute of 1777, it is enacted, among other things, that all actions of debt, for arrearages of rent, shall be sued within six years after the cause of action accrued, which act continues in full force. That the supposed causes of action did not accrue within six years, by means whereof the plaintiff ought to be barred. In drafting this plea, the pleader recites the statute, enumerates the exceptions, and avers that the plaintiff comes not within their protection.
To escape the bar of this statute, the plaintiff wishes to lay before the court the construction of that statute by the courts of Pennsylvania, by which the effect of it is limited to debt for rent by parol demise. No doubt the position is sound that the law of limitation, in Pennsylvania, is the law of this suit, and if that construction prevails there, it constitutes a good answer. Ii) a former stage of this case, the plaintiff has attempted to rely upon a demurrer to the plea as the proper form to claim the benefit of it.
*If the doctrine depended merely upon a just construction of a statute, or of any document, this form of raising the question would be proper. But the question is not what is the just and true interpretation, but what is the actual construction of the document by the Pennsylvania tribunals ? It is a matter of fact, dehors the plea. All the averments of the plea are true, and the reason why it does create no bar arises from the acts of the courts of that state. The point in issue is, what is the law in Pennsylvania? What is the law of another state? The existence of a law of another state is a question of fact triable by a jury; and provable, if necessary, by witnesses. The demurrer, therefore, which presents the just, but not the actual, construction of the Pennsylvania statute, is not, in' the opinion of a majority of the court, calculated to disclose the defense; and it requires a replication to bring for *220 ward the fact of the actual construction, and tender an issue to the jury.
Archbold, for plaintiff.
D. Peck, for defendant.
Such was the opinion of the judges who held the Supreme Court in Monroe, in 1841, and the plaintiff’s demurrer was overruled. He has since filed his replication, to which the defendant has demurred, as argumentative and double. For it avers:
1. That the statute has never been considered, adjudged, or oonstrued, by the persons exercising the powers of government in Pennsylvania, to extend to debt, founded on a writing obligatory» either for rent or for any other consideration, but to debt upon parol demises only. It omits to specify what government or what officers.
2. Actions of debt, for rent, founded on writings obligatory, by the laws of Pennsylvania, have never been barred by the lapse of six years.
3. But such action may be commenced and prosecuted at any indefinite period of time.
4. Subject, only, to a presumption of payment after a lapse of twenty years unaccounted for.
5. And subject to no other presumption whatever.
*Now, this is really covering too much ground. It is too loose and inartificial to require any other answer than a special demurrer.
The plaintiff has leave to amend.